IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **TERRANCE HAYNES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. CIV-21-217-AMG |
| ) | |
| **KILOLO KIJAKAZI,** ) | |
| **ACTING COMMISSIONER OF** ) | |
| **SOCIAL SECURITY,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Terrance Haynes ("Plaintiff") brings this action for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for disability insurance benefits ("DIB"). (Doc. 1). The Commissioner has answered the Complaint and filed the Administrative Record ("AR"). (Docs. 7, 8). The parties have briefed their respective positions. (Docs. 17, 20, 21).[1] The parties have consented to proceed before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Docs. 13, 14). Based on the Court's review of the record and issues presented, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings.

---

[1] Citations to the parties' briefs refer to the Court's CM/ECF pagination. Citations to the Administrative Record refer to its original pagination.

**I.    Procedural History**

On May 23, 2019, Plaintiff filed an application for DIB, alleging a disability onset date of June 10, 2016. (AR, at 163-64). His date last insured was December 31, 2017. (*Id.* at 17). The SSA denied the application initially and on reconsideration. (*Id.* at 79-85, 89-94). An administrative hearing was then held on October 26, 2020. (*Id.* at 26-58). The Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled. (*Id.* at 12-25). The Appeals Council denied Plaintiff's request for review. (*Id.* at 1-6). Thus, the ALJ's decision is the final decision of the Commissioner. *Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009); 20 C.F.R. § 404.981.

**II.   The Administrative Decision**

At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity between June 10, 2016, the alleged onset date, and December 31, 2017, his date last insured. (AR, at 17). At Step Two, the ALJ determined Plaintiff suffers from the severe impairments of obesity, asthma, status-post ankle surgery, and sleep apnea. (*Id.*) At Step Three, the ALJ found Plaintiff's impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 18). The ALJ then determined that Plaintiff had

> the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he could never climb ladders, ropes, or scaffolds, but may occasionally climb ramps or stairs. He could occasionally, balance, stoop, kneel, crouch and crawl. He would require a cane for ambulation. He needs to avoid all exposure to fumes, odors, dusts, gasses, and poor ventilation.

(*Id.*)  At Step Four, the ALJ found Plaintiff "was capable of performing past relevant work as a data entry clerk, employment and claims aide, and human resources clerk. This work did not require the performance of work-related activities precluded by [Plaintiff's] residual functional capacity." (*Id.* at 20).  Therefore, the ALJ concluded that Plaintiff was not disabled for purposes of the SSA.  (*Id.* at 21).

## III.   Issues Presented for Judicial Review

Plaintiff contends that the ALJ erred by (1) not considering Dr. Yasmin Sarfraz's medical opinion, and (2) not considering Plaintiff's use of a nebulizer as part of the RFC analysis.  (Doc. 17; Doc. 21).  The Commissioner contends that the ALJ's finding that Plaintiff was not disabled was supported by substantial evidence. (Doc. 20, at 7-10).  She further argues that the ALJ's conceded failure to evaluate Dr. Sarfraz's medical opinion was harmless error (*id*. at 10-13), and that "[t]he ALJ did not need to evaluate nebulizer use because neither Plaintiff's treatment records nor his statements suggest any during the relevant period" (*id*. at 13-15).

## IV.   The Disability Standard and Standard of Review

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 423(d)(3).  A medically

determinable impairment must be established by "objective medical evidence" from an "acceptable medical source," such as a licensed physician or a licensed and certified psychologist; whereas the claimant's own "statement of symptoms, a diagnosis, or a medical opinion" is not sufficient to establish the existence of an impairment. 20 C.F.R. § 404.1521; *see also id.* §§ 404.1502(a), 404.1513(a). A plaintiff is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden-shifting process). To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is engaged in any substantial gainful activity; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"),[2] whether the impairment prevents the claimant from continuing his past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4)(i)-(v). Plaintiff

---

[2] RFC is "the most [a claimant] can do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a)(1).

4

bears the "burden of establishing a prima facie case of disability under steps one, two, and four" of the SSA's five-step procedure. *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005). If the Plaintiff makes this prima facie showing, "the burden shifts to the Commissioner to show the claimant has the [RFC] to perform other work in the national economy in view of her age, education, and work experience." *Id*. "The claimant is entitled to disability benefits only if he is not able to perform other work." *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

This Court's review of the Commissioner's final decision is limited "to determin[ing] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Comm'r, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal quotation marks and citation omitted). A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). While the Court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted). Even

if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

## V. Analysis

### A. The ALJ Erred By Failing to Evaluate All Medical Opinions.

On October 5, 2015, Plaintiff underwent a compensation and disability examination by Dr. Yasmin Sarfraz for his Veterans Affairs (VA) disability benefits. (AR, at 431-45). When asked whether Plaintiff's conditions "impact his . . . ability to perform any type of occupational task (such as standing, walking, lifting, sitting, etc.)?" Dr. Sarfraz checked "Yes" and stated that the "functional impact" was that Plaintiff "is unable to stand longer than 5-10 minutes[,] [and] [h]e has difficulty walking more than one block." (*Id*. at 442-43).

The Commissioner concedes that "[t]he ALJ did not specifically address or reject Dr. Sarfraz's opinion" and that "[t]his arguably constituted error." (Doc. 20, at 10-11) (citing SSR 96-8p, 1996 WL 374184, at *7 ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.")). However, citing caselaw from outside this Circuit, the Commissioner argues that this was harmless error because Dr. Sarfraz's opinion predates the disability onset date by eight months. (Doc. 20, at 11). The Court disagrees.

The SSA's regulations require the ALJ to evaluate and articulate the persuasiveness of every medical opinion in the record. 20 C.F.R. § 404.1520c(b) ("We will articulate in our determination or decision how persuasive we find **all of the medical opinions** and all

of the prior administrative medical findings in your case record.") (emphasis added).³ In doing so, the ALJ is required to "explain how [he] considered the supportability and consistency factors for a medical source's medical opinions." *Id*. § 404.1520c(b)(2). The failure to do so is a "legal error [that] prevents the court from salvaging the decision on what Ms. Kijakazi believes constitutes substantial evidence to otherwise support the decision." *Bruner v. Kijakazi*, 2021 WL 5040301, at *5 (W.D. Okla. Oct. 29, 2021); *see also Parker v. Comm'r, SSA*, 772 F. App'x 613, 617 (10th Cir. 2019) ("If Mr. Parker is right about the legal error, we must reverse even if the agency's findings are otherwise supported by substantial evidence.").

Moreover, the caselaw in this Circuit is clear that the ALJ should consider medical evidence and opinions that predate the disability date. *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) ("[E]ven if a doctor's medical observations regarding a claimant's allegations of disability date from earlier, previously adjudicated periods, the doctor's observations are nevertheless relevant to the claimant's medical history and should be considered by the ALJ."); *Reeves v. Kijakazi*, 2021 WL 5354104, at *3 (W.D. Okla. Nov. 16, 2021) ("Although this record is from nearly two years prior to the alleged onset date, it is still relevant, and the ALJ should have addressed it.") (citing *Hamlin*); *Howry v. Saul*, 2019 WL 4739687, at *3 (W.D. Okla. Sept. 27, 2019) (citing *Hamlin*).

---

³ While the disability determinations of other governmental and nongovernmental entities, such as the Department of Veterans Affairs, is not binding on an ALJ and need not be given any analysis, an ALJ must "consider **all of the supporting evidence** underlying the other governmental agency or nongovernmental entity's decision that [he] receive[s] as evidence in [a] claim." 20 C.F.R. § 404.1504 (emphasis added).

Finally, the ALJ's RFC allowing Plaintiff to do "sedentary work as defined in 20 CFR 404.1567(a)" (AR, at 18) cannot be harmonized with Dr. Sarfraz's opinion, since sedentary work involves "occasional" walking and standing, meaning up to one-third of the workday, or about two hours.  20 C.F.R. § 404.1567(a); SSR 83-10, 1983 WL 31251, at *5 (Jan. 1, 1983).  Accordingly, remand is required.

### B.     The ALJ Committed Reversible Error by Not Considering Plaintiff's Use of a Nebulizer.

Plaintiff contends the ALJ erred by not considering Plaintiff's use of a nebulizer as treatment for his asthma in formulating the RFC. (Doc. 17, at 6-14; Doc. 21, at 7-9).  The Court agrees.

The ALJ found that Plaintiff had the severe impairment of asthma.  (AR, at 17).  In formulating the RFC, the ALJ acknowledged that Plaintiff has a rescue inhaler for his asthma (*id*. at 19), and included related limitations in the RFC, stating that Plaintiff "needs to avoid all exposure to fumes, odors, dusts, gasses, and poor ventilation" (*id*. at 18).

Plaintiff testified to using a nebulizer "every day, two times a day" for "20, 25 minutes."  (AR, at 35).  There is evidence in the record that Plaintiff was prescribed and using nebulizer solution during the relevant period.  (*See e.g., id*. at 344-45, otolaryngology consult dated July 6, 2016, prescribing albuterol "inhaled active four times daily as needed in nebulizer for breathing treatment"); (*id*. at 358-61, history and physical note dated October 3, 2017, same prescription and noting he "uses albuterol twice weekly").  However, the ALJ's decision did not acknowledge Plaintiff's testimony regarding the

8

nebulizer or explain whether or how the ALJ considered or rejected his alleged nebulizer use.

The Court is persuaded that remand is appropriate because this case falls under the Tenth Circuit's precedent in *Klitz v. Barnhart*, 180 F. App'x 808 (10th Cir. 2006). In *Klitz*, there was testimony and record evidence that the plaintiff used a nebulizer to treat her severe chronic obstructive lung disease. *Id*. at 809-10. The RFC stated that plaintiff "cannot work in environments where she would be exposed to dust." *Id*. at 809. The Court held that "[i]n making an RFC finding when, as here, a medically determinable impairment imposes environmental restrictions, an ALJ must consider any resulting limitations and restrictions that may affect other work-related abilities and reduce a claimant's ability to work." *Id*. at 810 (citing 20 C.F.R. § 416.945(d)). The Court remanded because the ALJ did not consider the "effect [a nebulizer] might have on the [plaintiff's] ability to work," specifically whether the plaintiff's nebulizer was portable or whether her use occurred at predictable intervals that would fit into a normal work schedule. *Id*. As in *Klitz*, the ALJ in this case imposed environmental restrictions in the RFC based on Plaintiff's asthma, but did not discuss the evidence regarding his use of a nebulizer. Thus, remand is required.

Remand is also consistent with lower courts' applications of *Klitz*. *See Knudtson v. Comm'r of SSA*, 2020 WL 5761073, at *3 (E.D. Okla. Sept. 28, 2020) ("remanded for further consideration of the effect Claimant's frequent use of a nebulizer for breathing treatments would have on her ability to perform work"); *Prather v. Astrue*, 2010 WL 3731184, at *3 (W.D. Okla. Sept. 8, 2010) (remanding when ALJ "did not include use of the nebulizer in his hypothetical question to the VE" and omitted "any resulting restrictions

9

in his RFC"); *Tennyson v. Astrue*, 2011 WL 1298961, at *7 (N.D. Okla. Mar. 31, 2011) (reversing when the ALJ did not consider (1) whether the plaintiff's condition "would have allowed for the use of a portable nebulizer to accommodate plaintiff's work away from the home," (2) "the extent it was medically necessary for plaintiff's use of the nebulizer and whether use of the nebulizer could occur prior to, during established breaks, [or] after work to treat his condition," (3) "whether plaintiff's asthma could be controlled through the use of an inhaler, rather than [a] nebulizer," and (4) whether, even assuming plaintiff's use of the nebulizer was medically necessary . . . , [plaintiff's] use would have altered the RFC in any event"). Accordingly, on remand, the ALJ must consider and discuss Plaintiff's testimony and record evidence regarding his use of the nebulizer, determine whether such testimony and evidence does or does not affect the RFC, and question the VE accordingly.

### VI.  Conclusion

For the reasons discussed above, the Court **REVERSES** the decision of the Commissioner and **REMANDS** the matter for further proceedings.

ENTERED this 27th day of May, 2022.

AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE